IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ELIZABETH G. as Guardian *Ad Litem* of COURTNEY G., an incompetent minor; COURTNEY G., an incompetent minor,

Plaintiffs,

vs.

DEPARTMENT OF EDUCATION, STATE OF HAWAII,

Defendant.

Civ. No. 08-00146 HG-BMK

**ORDER REMANDING CASE TO ADMINISTRATIVE HEARINGS OFFICER**

Plaintiffs sought a Free and Appropriate Public Education (“FAPE”) for Courtney, a child with dyslexia, pursuant to the Individuals with Disabilities Education Act (“IDEA”). The Department of Education, State of Hawaii (“DOE”), which operates the public education system at the state-wide and local level, determined that Courtney’s condition did not warrant additional special education services. The Plaintiffs challenged the DOE’s decision in a due process hearing before the Office of Administrative Hearings, Department of Consumer Affairs pursuant to the IDEA. The Administrative Hearings Officer concluded, after a four-day hearing, that Courtney was ineligible for special education services.

The Plaintiffs appealed the Administrative Hearings

Officer’s Decision to this Court on March 28, 2008. In the Court’s “Order Affirming Administrative Hearings Officer’s February 29, 2008, Findings of Fact, Conclusions of Law, and Decision” filed on March 23, 2009 (Doc. 40) (hereafter “March 23, 2009 Order”), the Court affirmed the Administrative Hearings Officer’s determination that Courtney was not entitled to special education services under the IDEA.

The Plaintiffs appealed to the Ninth Circuit Court of Appeals. On September 8, 2011, a divided Ninth Circuit Panel reversed the Court’s March 23, 2009 Order. The Ninth Circuit Panel held that there was a procedural violation in the standard employed by the Administrative Hearings Officer to determine Courtney’s eligibility for special education services. The Ninth Circuit Panel remanded the case to determine whether the procedural violation was harmless, *i.e.*, whether Courtney was entitled to special education services under a proper eligibility standard.

In IDEA cases, administrative hearings officers are better equipped to make initial eligibility determinations due to their expertise and familiarity with the issues involved with a child with disabilities. See Amanda J. v. Clark County Sch. Dist., 267 F.3d 877, 889 (9th Cir. 2001); Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1098 (1st Cir. 1989) (“The state agency is much better equipped than the federal courts[.]”). Here, the

Administrative Hearings Officer's initial determination has been rendered void *ab initio* because the standard used at the outset of the administrative hearing was procedurally improper. Without a valid eligibility determination by an Administrative Hearings Officer, the Court should remand the matter to an Administrative Hearings Officer to evaluate Courtney's eligibility under the proper standard. See 20 U.S.C. § 1415(i)(2)(C); see also Dep't of Educ. v. T.F., 2011 U.S. Dist. LEXIS 110307, at *19-20 (D. Haw. Aug. 30, 2011) (remanding to Hearings Officer to apply proper standard); Lunn v. Weast, 2006 U.S. Dist. LEXIS 55791, at *7-9 (D. Md. July 28, 2006) ("This court's jurisdiction under the IDEA is limited to review of the final "findings and decision" of the administrative proceedings.").

The Ninth Circuit Panel's decision requires Courtney's eligibility be determined pursuant to Haw. Code R. § 8-60-41(a)(1)-(2). The regulation establishes eligibility for a child with a learning disability when (1) the child has demonstrated inadequate achievement or a "severe discrepancy between achievement and ability"; and (2) "a pattern of strengths or weaknesses in performance consistent with a 'specific learning disability.'" Michael P. v. Dep't of Educ., 656 F.3d 1057, 1069 (9th Cir. 2011).

The matter is, therefore, **REMANDED** to the Administrative Hearings Officer, Office of Administrative Hearings, Department

of Consumer Affairs, State of Hawaii. The Administrative Hearings Officer must abide by the Ninth Circuit Court of Appeal’s decision and determine under the standard proscribed by the appellate court:

(1) Whether Courtney has a “specific learning disability” that entitles her to special education services pursuant to Haw. Code R. § 8-60-41(a)(1)-(2);

(2) If entitled to special education services, whether Courtney’s privately procured education, tutoring, and related services were appropriate;

(3) And if her private education was appropriate, the proper amount of reimbursement.

IT IS SO ORDERED.

DATED: January 11, 2012, Honolulu, Hawaii.




/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Elizabeth G., et al v. Dep’t of Edu, State of Hawaii; Civ. No. 08-00146 HG-BMK; **ORDER REMANDING CASE TO ADMINISTRATIVE HEARINGS OFFICER.**